Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Nechole M. Garcia, NV SBN 12746
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 Las Vegas Boulevard South, Suite 8112
Las Vegas, NV 89101
Telephone: (702) 388-5072
Facsimile: (702) 388-5094
E-Mail: nechole.garcia@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NEVADA RESTAURANT SERVICES, INC., and Does 1-5 Inclusive,<br><br>　　　　　Defendants. | Case No.:<br><br>**COMPLAINT - ADA**<br><br>• **Disability Discrimination (Discharge)**<br>• **Denial of Reasonable Accommodation**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act of 1990 ("ADA") as amended by the ADA Amendment Act ("ADAAA") of 2008, to correct unlawful employment

-1-

practices on the basis of disability and to provide appropriate relief to Charging Party Amanda Coccus, Charging Party Margaret Tront, and other individuals who were adversely affected by such practices. Plaintiff United States Equal Employment Opportunity Commission ("Plantiff" or "Commission") alleges that Defendant Nevada Restaurant Services ("Defendant") unlawfully discriminated against a class of individuals due to their actual or perceived disability. Plaintiff further alleges Defendant discriminated against a class of individuals who were associated with those with disabilities.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to Section 107(a) of the ADA and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, 42 U.S.C. § 12117(a) (incorporating Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, *as amended* ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3)).

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Nevada.

## PARTIES

4. The Commission, Plaintiff, is an agency of the United States of America, charged with the administration, interpretation, and enforcement of the ADA, and is expressly authorized to bring this action under Section 107 of the ADA.

5. At all relevant times, Defendant Nevada Restaurant Services, Inc. has been doing business in the State of Nevada and the State of Montana, and has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 101(5) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and (h).

7. At all relevant times, Defendants employed Charging Party Amanda Coccus, Charging Party Margaret Tront, and the class of similarly aggrieved individuals.

8. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, employee, alter ego, owner, officer, member, manager, partner, indirect employer, joint employer, single employer, integrated enterprise, or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to an act by a Defendant or Defendants, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

9. Plaintiff is ignorant of the true names and capacities of each Defendant sued as Does 1 through 5, inclusively, and therefore Plaintiff sues said defendant(s) by fictitious names. Plaintiff reserves the right to amend the complaint to name each Doe defendant individually or collectively as they become known. Plaintiff alleges that each Doe defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by the Plaintiff.

## STATEMENT OF CLAIMS

10. More than thirty (30) days prior to the institution of this lawsuit, Amanda Coccus and Margaret Tront filed charges of discrimination with the Commission alleging violations of the ADA by Defendant.

11. On May 31, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant had violated the ADA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

12. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

13. The Commission was unable to secure through informal methods of conciliation from Defendants a conciliation agreement acceptable to the Commission.

14. On August 2, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation.

15. All conditions precedent to the institution of this lawsuit have been fulfilled.

16. Since at least 2012, Defendant maintained a well-established 100 percent healed practice, an unlawful qualification standard that does not allow for reasonable accommodation of qualified individuals with disabilities, in violation of Section 102(a), (b)(3), (b)(5) and (b)(6) of the ADA, 42 U.SC. §12112(a), (b)(5), and (b)(6).

17. Defendant further violated the ADA by failing to engage in the interactive process and provide reasonable accommodations to individuals who had a record of disability and/or actual disability and discharged and/or constructively discharged employees they

regarded as disabled, had a close association with individuals with a disability, and/or who had a record of disability and/or actual disability.

18. As a result, Charging Parties and similarly aggrieved individuals suffered emotional distress.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices which discriminate on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful employment practices in violation of § 102(a) and (b), and 42 U.S.C. § 12112(a) and (b).

C. Order Defendant to make whole the Charging Parties and similarly aggrieved employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or front pay.

D. Order Defendant to make whole the Charging Parties and similarly aggrieved employees by providing compensation for past and future pecuniary losses, in amounts to be determined at trial including, but not limited to, out-of-pocket expenses suffered by them that resulted from the unlawful employment practices described above in amounts to be determined at trial.

E. Order Defendant to make whole the Charging Parties and similarly aggrieved employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, in amounts to be determined at trial. The non-pecuniary losses include, but are not limited to, emotional pain, suffering, inconvenience, mental anguish, humiliation, and loss of enjoyment of life.

F. Award the Commission its costs of this action.

G. Grant such further relief as the Court deems necessary and proper and in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: May 21, 2018                    Respectfully Submitted,

JAMES LEE,
Deputy General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C. 20507

By: _____
ANNA Y. PARK,
Regional Attorney
Los Angeles District Office
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION