Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Nechole M. Garcia, NV SBN 12746
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 Las Vegas Boulevard South, Suite 8112
Las Vegas, NV 89101
Telephone: (702) 388-5072
Facsimile: (702) 388-5094
E-Mail: nechole.garcia@eeoc.gov

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> NEVADA RESTAURANT SERVICES, Inc. and Does 1-5 Inclusive, <br><br> Defendants. | Case No.: 2:18-cv-00954 JCM-CWH <br><br> **CONSENT DECREE; ORDER** |

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Defendant Nevada Restaurant Services, dba Dotty's hereby stipulate and agree to entry of this Consent Decree (the "Decree") to fully and finally resolve Plaintiff's complaint against Defendant in <u>U.S. Equal Employment Opportunity Commission v. Nevada Restaurant Services, and Does 1-5, inclusive</u>; Case No. 2:18-cv-00954 (the "Action"). Collectively, the EEOC and Defendant are referred to herein as the "Parties." On May 24, 2018, Plaintiff filed this Action in the United States District Court, District of Nevada, for violations of the Americans with Disabilities Act of 1990 ("ADA"), *as amended*, the ADA

Amendment Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991.  The Action alleged that Defendant discriminated against Charging Parties Amanda Coccus and Margaret Tront, and a class of similarly aggrieved individuals when Defendant failed to engage in the interactive process, failed to provide a reasonable accommodation, and terminated individuals because of an actual or perceived disabilities.

## II.

## PURPOSES AND SCOPE OF THE CONSENT DECREE

A.      The Decree is made and entered into by and between the EEOC and Defendant and shall be binding on and enforceable against Defendant, as well as their officers, directors, agents, successors and assigns; provided, however, that the parties to this Decree agree that there is no individual liability for violation of this Decree and, as such, no individual officer, director, agent, successor or assign may shall be named by the EEOC in any action to enforce this Decree.

B.      The Parties have entered into this Decree for the following purposes:

1.      To provide monetary and injunctive relief, including, where appropriate, reinstatement;

2.      To ensure Defendant's employment practices comply with federal law;

3.      To continue to seek a work environment free from discrimination, especially as it relates to disability discrimination;

4.      To ensure training for Defendant's employees with respect to the pertinent laws regarding disability discrimination;

5.      To provide an appropriate and effective mechanism for handling complaints of disability discrimination in the workplace;

6.      To ensure appropriate recording keeping, reporting, and monitoring; and

7.      To avoid the expensive and protracted costs incident to this litigation.

C.      This Decree will be implemented by Defendant's facilities on a company-wide basis.

### III.

### **RELEASE OF CLAIMS**

A.      This Decree fully and completely resolves all issues, claims and allegations raised by the EEOC against Defendant in the Action.

B.      Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that Defendant fails to perform the promises and representations contained herein.

C.      This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may later arise against Defendant in accordance with standard EEOC procedures.

### IV.

### **JURISDICTION**

A.      The Court has jurisdiction over the Parties and the subject matter of this litigation.  The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.  The terms and provisions of this Decree are fair, reasonable and just.  This Decree conforms with the Federal Rules of Civil Procedure, the ADA, and ADAAA and is not in derogation of the rights or privileges of any person.

B.      The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein.

### V.

### **EFFECTIVE DATE AND DURATION OF DECREE**

A.      The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B.      Except as otherwise provided herein, this Decree shall remain in effect for three years and six months after the Effective Date.

# VI.

## MODIFICATION AND SEVERABILITY

A.      This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.      If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree.  In the event that such agreement cannot be reached, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

# VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A.      The Parties expressly agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Consent Decree, the EEOC may bring an action before this Court to enforce the Decree.  Prior to initiating such action, the EEOC will notify Defendant and/or its/their legal counsel of record, by telephone and in writing, of the nature of the dispute, making a good faith effort to resolve the issue with Defendant.  This notice shall specify the particular provision(s) that the EEOC believes Defendant breached.  Absent a showing by either party that the delay will cause irreparable harm, Defendant shall have thirty (30) days to attempt to resolve or cure any non-monetary breach and shall have fifteen (15) days to attempt to resolve or cure any monetary breach.

B.      The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

C.      After thirty (30) days have passed with respect to any non-monetary breach, or fifteen (15) days have passes with respect to any monetary breach, if the Parties have reached no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree, and the EEOC's costs incurred in securing compliance with the Decree, and/or any other relief the court deems appropriate.

# VIII.

## MONETARY RELIEF

Defendant will pay a total of $3,500,000.00 ("Gross Sum") to resolve this Action. The EEOC has full and complete discretion under the terms of this Decree to determine who is a Claimant and to determine the amount of payment, if any, to the Charging Parties and/or Claimants.

A. <u>Monetary Relief for Charging Parties and Identified Claimants</u>

    1. In settlement of the claims of Charging Party Amanda Coccus, Charging Party Margaret Tront, and the claimants the EEOC has presently identified to Defendant (collectively referred to as the "Identified Claimants"), Defendant shall pay a portion of the Gross Sum as designated by the EEOC.  The EEOC has determined that each Identified Claimant shall receive six months backpay in the amount of $8,580.

    2. The EEOC shall provide to Defendant a Distribution List designating payment amounts to each Identified Claimant.  The EEOC's Distribution List shall include six months of back pay as defined in Section VIII.A.1 above, and compensatory damages, if any, as designated by the EEOC.

    3. Within fifteen (15) business days of receiving the EEOC's Distribution List, Defendant shall send a check or checks, via first class, certified mail, in the amounts designated in the EEOC's Distribution List, to the Charging Parties and Identified Claimants.  For each check constituting back pay, Defendant shall pay the employer's portion of all deductions required by law, including but not limited to FICA and FUTA taxes, and such amounts shall not be deducted from payment of the monetary settlement amounts to the Charging Parties and Identified Claimants.  Each check will remain valid for 180 days.

    4. Within ten (10) business days of mailing the aforementioned payments, Defendant shall submit a copy of the checks and any related correspondence as well as a report regarding the mailing of the checks to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California 90012.  The report shall show the amount of the check(s), the date the check(s) was

mailed, the person to whom check(s) were mailed, and the address to which checks were mailed.

5. If Defendant becomes aware that any of the checks issued in this Action are returned or otherwise not cashed, Defendant shall notify the EEOC within fifteen (15) business days of gaining such knowledge, and the EEOC shall have responsibility for obtaining information necessary to deliver reissued checks, which Defendant shall re-mail within five (5) business days of obtaining updated information from the EEOC.

6. Defendant shall prepare and distribute W2 and 1099 reporting forms to each Charging Party and Identified Claimant based on last known addresses or addresses provided by the EEOC and shall make any appropriate reports for each to the Internal Revenue Service and other tax authorities. Defendant shall be solely responsible for any costs associated with the issuing and distributing W2's and 1099s to the Charging Parties and Identified Claimants.  Within ten (10) business days of the issuance of any W2 or 1099 form, Defendant shall provide a copy of the related correspondence to the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

B. <u>Eligible Claimants</u>

1. Defendant shall pay a portion of the Gross Sum to claimants eligible for relief who will be identified through the claims process as described below ("Eligible Claimants").  The payment, if any, to the Eligible Claimants shall be triggered by the EEOC's issuance of a Distribution List designating each Eligible Claimant's portion and amount of monetary relief as well as the name and address to which the checks are to be delivered.  Anyone eligible to receive monies shall be determined after completion of the Claims Notice Process, set forth below in Section VIII.D.  The EEOC has full and complete discretion under the terms of this Decree to determine who is eligible and to determine the amount of any payment, if any, to be given to an Eligible Claimant. The EEOC will make its best efforts to make these designations within eighteen (18) months of the Effective date.

C.   Claims Administrator

1.   Within thirty (30) days of the Effective Date, Defendant shall hire and appoint a specific professional individual or organization ("Claims Administrator"), approved by the EEOC, to oversee payments to Eligible Claimants as designated in a Distribution List.  If the Claims Administrator initially appointed by Defendant thereafter declines to serve or to carry out its duties under this Decree, Defendant shall have ten (10) business days to notify the EEOC in writing of the need for a replacement Claims Administrator and shall provide the EEOC with the name of a new Claims Administrators for approval by the EEOC.  If the EEOC objects to the appointment of the new administrator identified by Defendant, the EEOC shall be entitled to identify the replacement Claims Administrator.

2.   Defendant shall pay all costs associated with the selection and retention of the Claims Administrator as well as the performance of the Claims Administrator's duties under this Decree.

D.   Claims Notice Process

1.   Within sixty (60) days of the Effective Date, Defendant shall provide to the Claims Administrator a list of all employees who resigned or were terminated at any time from April 30, 2011, through the Effective Date ("Potential Claimants").   The list provided by Defendant shall include the  former employee's last known address(es), phone number(s), last date of employment with Defendant, and any personal identifying information to assist in identifying the Potential Claimant.

2.   Within thirty (30) days of receipt of the list of Potential Claimants, the Claims Administrator shall:

a.   Send each Potential Claimant a Notice Letter, via certified, first class mail to each Potential Claimant (1) instructing the Potential Claimant when and how to complete an on-line questionnaire, (2) notifying the Potential Claimant that the EEOC will review the on-line questionnaire to determine if s/he is  an Eligible Claimant, (3) that s/he may  seek reinstatement if s/he is able to perform an open position for which the s/he is qualified and which essential functions s/he can

perform with or without a reasonable accommodation, and (4) providing the Potential Claimant with the opportunity to seek assistance in completing the on-line questionnaire.

b.      Within ten (10) days of mailing each Notice Letter, Defendant or its Claims Administrator shall provide to the EEOC certification that the Claims Administrator mailed a Notice Letter to each such Potential Claimant.

c.      Defendant or its Claims Administrator shall instruct the USPS to notify Defendant or its Claims Administrator of any undeliverable Notice Letters.  Any Potential Claimant whose original Notice Letter is not returned as undeliverable, shall have ninety (90) days from the date the Defendant or its Claims Administrator mailed an unreturned Notice Letter to submit a completed questionnaire.

d.      If a Notice Letter is returned as undeliverable, the Claims Administrator shall complete the following tasks within ten (10) days of receipt of a Notice Letter returned as undeliverable:

        i.      Research such Potential Claimant's most-recent address and further use its best efforts, including a search of a database such as Accurint, to locate such Potential Claimant;

        ii.     If Defendant or its Claims Administrator finds a more recent address for any such Potential Claimant, resend Notice Letter to the new address; and/or

e.      If Defendant or its Claims Administrator fails to find a more recent address for any such Potential Claimant, Defendant or its Claim Administrator shall notify the EEOC of such information and provide to the EEOC certification outlining efforts to locate such Potential Claimant. The EEOC shall then have an additional thirty (30) days to attempt to find a good address for the Potential Claimant.  If a new or different address is located by the EEOC, Defendant or its Claims Administrator shall re-mail the questionnaire and Notice in accordance with Section VIII.D.(d)(2).

f.   Any Potential Claimant whose original Notice Letter and questionnaire was re-mailed in accordance with the procedures above, shall have ninety (90) days from the date of the re-mailing to submit a completed questionnaire.

g.   Any such Potential Claimant whose original Notice Letter is returned undeliverable and for whom Defendant or its Claims Administrator exhausted the remailing process as set forth in Section VIII.D(d) and (e) above shall not be entitled to collect from the Gross Sum, unless the EEOC determines that good cause exists to determine otherwise.

h.   The final re-mailing of all questionnaires must occur no later than twelve months after the Effective date of this decree.

E.   Claims Distribution Process

1.   At thirty (30) day intervals after mailing the first group of Notice Letters, the Claims Administrator shall provide Defendant and the EEOC electronic access to the on-line questionnaires completed by the Potential Claimants. The Claims Administrator shall provide the EEOC with a copy of the questionnaires submitted by mail in the event a Potential Claimant is unable to submit an on-line questionnaire

2.   The EEOC shall have the sole discretion to determine who is an Eligible Claimant and to designate the amount of the Gross Sum to be distributed to each Eligible Claimant consistent with Section VIII above.

3.   Within one hundred twenty (120) days of the final re-mailing required in Section VIII.D. above, the EEOC shall issue a Distribution List(s) to Defendant and the Claims Administrator.  The EEOC's Distribution List shall detail the amount to be designated as wages, subject to withholding taxes and other deductions Defendant is required by law to make, including but not limited to FICA and FUTA taxes; the amount, if any, to be designated as appropriately reported on a 1099; and the name and address to which each Eligible Claimant's portion and amount of monetary relief shall be delivered.

4.   Within fifteen (15) days of receipt of the EEOC's Distribution List, Defendant or its Claims Administrator shall send a check or checks, via first class, certified mail, to each

Eligible Claimant at the address provided by the EEOC in its Distribution List(s).  For each back pay check, Defendant shall pay the employer's portion of all deductions required by law, including but not limited to FICA and FUTA taxes, and such amounts shall not be deducted from payment of the monetary settlement amounts to the Eligible Claimants.   Each check will remain valid for 180 days. To the extent, the checks need to be reissued, EEOC will notify Defendant or its Claims Administrator.

5.  Defendant shall prepare and distribute W-2 and 1099 tax reporting forms to the Eligible Claimants and shall make any appropriate reports for each to the Internal Revenue Service and other tax authorities. Defendant shall be solely responsible for any costs associated with the issuing and distributing W-2's and 1099s to the Eligible Claimants.  Within ten (10) business days of the issuance of any W2 or 1099 form, Defendant shall provide a copy of the related correspondence to the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

6.  At least every thirty (30) days after Defendant or its Claims Administrator issue checks pursuant to the Distribution List(s), Defendant or its Claims Administrator shall identify any check not negotiated and/or returned non-negotiated to Defendant or its Claim Administrator, to enable the parties to track remaining funds for redistribution. In the event there is a question regarding whether a check has been negotiated, Defendant will work with the EEOC to determine when payment was rendered, including providing a copy of the canceled check.

7.  On a quarterly basis throughout the duration of this Decree, Defendant will notify the EEOC of the remaining amount available out of the Gross Sum.  . The EEOC may issue additional Distribution List(s) through the first 24 months of this Decree.

8.  No later than one year prior to the expiration of the term of this Decree, the EEOC shall issue a "Final Distribution List" that shall include the names of any additional Eligible Claimants and the amounts to be paid to such individuals. No further Distribution List

shall be issued by the EEOC after the Final Distribution List is provided to Defendant or its Claims Administrator.

9.   The EEOC's Final Distribution List shall detail the amount to be designated as wages, subject to withholding taxes and other deductions Defendant is required by law to make, including but not limited to FICA and FUTA taxes; the amount, if any, to be designated as appropriately reported on a 1099; and the name and address to which each Eligible Claimant's portion and amount of monetary relief shall be delivered.

10.   Within sixty (60) days of receipt of the EEOC's Final Distribution List, Defendant or its Claims Administrator shall forward via first class mail to each Eligible Claimant payment for a gross amount equal to the full amount set forth in the Final Distribution List.  For each wage check, Defendant shall pay the employer's portion of all deductions required by law, including but not limited to FICA and FUTA taxes, and such amounts shall not be deducted from payment of the monetary settlement amounts to the Charging Parties and Identified Claimants.   Within ten (10) business days of mailing the afore-mentioned payments, Defendant or its Claims Administrator shall submit a copy of the checks and any related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California 90012.

11.   Within sixty days (60) after issuance of payments according to the Final Distribution List, any remaining monies in the Gross Sum can be donated to a charity that promote equal opportunities for people with disabilities that is agreed upon by the parties.

F. Extending Deadline to Return Claims Forms for Good Cause

For good cause, the EEOC may grant an exemption of any above-cited deadline to return a questionnaire; provided, however, that Defendant has no obligation to pay any money from the Gross Sum to an Eligible or Potential Claimant after the date this Decree expires.

# IX.

## GENERAL INJUNCTIVE RELIEF

The General and Specific Injunctive Relief in infra Sections IX and X apply to all of Defendant's facilities nation-wide.

A.    <u>Non-Discrimination</u>:

Defendant, its officers, agents, employees (including all managerial and non-managerial employees), successors and assigns, during the period that this Decree is in effect, and all those in active concert or participation with Defendant, are hereby enjoined from engaging in any conduct that violates the terms of the Americans with Disabilities Act of 1990 ("ADA"), *as amended*, the ADA Amendment Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991 including: discriminating against, harassing,  or  engaging in or being a party to any action, policy or practice that discriminates against any employee in violation of the ADA, including on the basis of their disabilities, perceived disabilities and/or records of disabilities. However, the parties to this Decree agree that there is no individual liability for violation of this Decree, the ADA, ADAAA, or Title I of the Civil Rights Act, and, as such, no individual officer, director, agent, successor or assign may shall be named by the EEOC in any action to enforce this Decree.

B.    <u>Non-Retaliation</u>:

Defendant, its officers, agents, employees (including all managerial and non-managerial employees), its successors, assigns, during the period this Decree is in effect, and all those in active concert or participation with them, are hereby enjoined from implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of Defendant or its successors, or either of them, because he or she has in the past, or during the term of this Decree: (a) opposed any practice made unlawful under the ADA or ADAAA; (b) filed a charge of discrimination alleging such practice; (c) participated in any manner in an internal or external investigation or proceeding relating to this case or any claim of a violation of the ADA or ADAAA; (d) was identified as a possible witness or claimant in this action;  and/or (e) asserted any right under this Decree; (f) sought and/or received any relief in accordance with this Decree are associated with an employee who has engaged in the activities set forth in this section. However, the parties to this Decree

agree that there is no individual liability for violation of this Decree, the ADA, or the ADAAA, and, as such, no individual officer, director, agent, successor or assign may shall be named by the EEOC in any action to enforce this Decree.

C.   The Interactive Process

Defendant, its successors, assigns, and all those in active concert or participation with them, or any of them, shall engage in the interactive process to identify and provide reasonable accommodations, in accordance with the law, that may include leave as an accommodation, temporary or permanent job reassignment, and/or modification of policies as appropriate.

D.   86'ed Policy

Defendant, its successors and assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined implementing any policy, procedure, or practice that summarily prohibits employees that have sought a reasonable accommodation from re-entering any of Defendant's facilities.  Defendant is further enjoined from prohibiting employees that have resigned or been terminated for a reason other than engaging in inappropriate conduct or behavior from re-entering any of Defendant's facilities.

**X.**

**SPECIFIC INJUNCTIVE RELIEF**

A.   Reemployment.

1.   In the course of the duration of this Consent Decree, Eligible Claimant, who are no longer employed by Defendant may express interest in returning to work for Defendant.  Only Eligible Claimants will be considered for reemployment pursuant to the terms of this Consent Decree.

2.   Upon receipt of a questionnaire Form, the Monitor discussed in Section X.B. of this Decree will make an initial determination based on the information provided on the face of the questionnaire whether an Eligible Claimant or Potential Claimant has expressed an interest in reemployment.  If the Monitor determines that, based on the information provided on the face of the questionnaire, an Eligible Claimant or Potential Claimant has expressed interest in reemployment, the Monitor shall notify Defendant and the EEOC of that determination within fifteen (15) days of that determination.  The

EEOC will then work with Defendant to establish qualifications for reinstatement.  If Defendant has an open position for which the Potential Claimant or Eligible Claimant is qualified, and which the Potential Claimant or Eligible Claimant can perform with or without a reasonable accommodation, Defendant will work with the EEOC to reinstate the Potential or Eligible Claimant.  If no position is immediately open, Defendant will notify the EEOC within ten (10) business days of such position becoming available so long as such position becomes available within 60 days of the original determination that the Potential or Eligible Claimant can perform the essential functions of such position with or without a reasonable accommodation.  If the EEOC does not provide information to Defendant that establishes qualifications for reinstatement, the Eligible Claimant or Potential Claimant will not be eligible for reinstatement.  If, upon evaluation of the information provided by the EEOC, Defendant does not agree that an Eligible Claimant or Potential Claimant is qualified for reinstatement, the EEOC can avail itself of the compliance procedures set forth in Section VI, above.

3.     With respect to each Eligible Claimant who seeks reemployment, whether an offer of reemployment was made, and whether the offer was accepted Eligible Claimants seeking reemployment will be required to go through the normal processes required of all new employees.   If Defendant revokes an offer of reemployment, Defendant shall provide the EEOC, in writing, with the basis for the revocation, including an explanation of Defendant's reason for revoking the offer.  If, upon evaluation of the information provided by Defendant, the EEOC does not agree with Defendant's determination that it had legitimate reasons for revoking a conditional offer of reemployment, the EEOC can seek further information from Defendant, including documents and access to further information. The information and documents will be provided to the EEOC within thirty (30) days of EEOC's request.  The parties will meet and confer to discuss the revocation of the offer.  In the event of a dispute concerning the revocation of a conditional offer, the EEOC can avail itself of the compliance procedures set forth in Section VI, above.

4.     If an Eligible Claimant rejects an offer of reemployment or does not report to work in accordance with the terms of an offer of reemployment, Defendant has no further obligations relating to the reemployment of that Eligible Claimant

B. Equal Employment Opportunity Monitor

Within thirty (30) days after the Effective Date, Defendant shall retain an Equal Employment Opportunity Monitor ("Monitor") with demonstrated experience in the area of creating effective policies, procedures, practices and training regarding disabilities, reasonable accommodations, the interactive process, and retaliation under the ADA, to monitor Defendant's compliance with the ADA and the provisions of this Decree.  The Monitor shall be subject to the Commission's approval, which shall not be unreasonably withheld.  Defendant shall propose a Monitor to the Commission.  If the Commission does not approve the proposed Monitor, the Commission shall provide Defendant with a list of at least three suggested candidates acceptable to the Commission.  Defendant shall bear all costs associated with the selection and retention of the Monitor and the performance of his/her/its duties.  The Monitor's responsibilities shall include:

1.      Reviewing, revising, and implementing Defendant's new policies and procedures regarding the prevention of disability discrimination, providing reasonable accommodations, engaging in the interactive process, and the prevention of retaliation;

2.      Developing and providing training for all persons who work for Defendant on their rights and responsibilities with regard to disability discrimination, reasonable accommodations, the interactive process, and retaliation in compliance with the ADA and the terms of this Decree, including but not limited to training employees how to request an accommodation; provided, however, that, with the approval of the EEOC, the Monitor may utilize other qualified individuals to perform such training;

3.      Creating, applying, and implementing the Defendant's new reporting and auditing procedures in compliance with Defendant's obligations under this Decree and the ADA;

4.      Training managerial and supervisory staff on their responsibilities with respect to the ADA, including reasonable accommodations, the interactive process, and anti-retaliation policy;

5.      Ensuring that all reports required by this Decree are accurately compiled and timely submitted;

6.      Developing procedures for responding to complaints of disability discrimination, the failure to provide reasonable accommodations, and ensuring Defendant's staff properly engage in the interactive process;

7.      Ensuring and overseeing the proper investigation of all complaints of disability discrimination, including whether a reasonable accommodation was denied in violation of the ADA, and whether Defendant properly engaged in the interactive process;

8.      Providing training on how to engage in the interactive process related to requests for reasonable accommodation, including providing guidance to Defendant's managers and supervisors on how to properly respond to accommodation requests, monitoring the interactive process, and providing feedback to managers and supervisors;

9.      Implementing systems to ensure the preservation of all documents and communications regarding all requests for a reasonable accommodation and the interactive process related to each reasonable accommodation request, all complaints of disability discrimination, and responses to such requests and/or complaints;

10.     Further ensuring compliance with the terms of this Decree; and

11.     Preparing a brief annual report on Defendant's progress, including its compliance with the terms of this Decree and the Monitor's compliance with his/her responsibilities as articulated herein.

The Monitor shall ensure compliance for the foregoing provisions for the term of the Decree.

C. Policies and Procedures

Defendant, with the assistance of the Monitor, shall review, revise, distribute, and implement its policies and procedures regarding disability, reasonable accommodations, and the interactive process to comply with federal law (the "Policy") on a company-wide basis.  The Policy shall include:

1.      A clear explanation of what constitutes a disability under the ADA, as well as the ADA's reasonable accommodation and interactive process requirements;

2.      Clear and objective criteria that expressly prohibits discrimination on the basis of disability and/or perceived disability;

3.      A clearly described process by which employees may seek reasonable accommodations through the interactive process, including: identify to whom an employee may make requests for accommodation, the optional procedures for communicating such requests, identify the decision maker or decision makers

who grant(s) and/or den(y)(ies) requests for accommodation, and identify whom an employee or applicant may contact if they have questions about the process;

4.    Assurance that properly trained human resources personnel, management officials, and supervisors shall be involved in the interactive process;

5.    A clearly described complaint process that provides accessible avenues of complaint to whom employees may report discrimination;

6.    A complaint process that provides a prompt, thorough, and impartial investigation that includes

a.    A clearly described process that provides accessible and confidential avenues of complaint with the contact information of persons both internal (i.e. human resources) and external (i.e. the EEOC) to whom employees or applicants for employment may report discrimination;

b.    Assurance that Defendant will reasonably and to the best of its ability protect the confidentiality of all discrimination complaints;

c.    Assurance that Defendant will take immediate and appropriate corrective action when it determines that discrimination and/or retaliation has occurred; and

d.    A procedure for development of a tracking system to be implemented by Defendant that tracks discrimination and retaliation complaints to allow Defendant to identify individuals who have been the subject of more than one such complaint;

7.    Assurance that Defendant will take immediate and appropriate corrective action when it determines that discrimination and/or retaliation has occurred;

8.    The elimination of any policy or practice that requires an employee seeking a reasonable accommodation to reapply for an open position;

9.    Assurance that Defendant will, reasonably and to the best of its ability, protect the confidentiality of all reasonable accommodation requests;

10.     Require Defendant to hold all employees, including management, supervisory, lead and human resources employees, accountable for engaging in conduct prohibited under the ADA, the Policy, and this Decree; and

11.     Use the Accommodation Log described in subsection C below to conduct an audit to determine whether any management, supervisory, or human resources employees failed to properly respond to requests for reasonable accommodations.

Within thirty (30) days of the Effective Date of this Decree, Defendant shall provide to the EEOC a copy of the Policy. Within sixty (60) days of the Effective Date, Defendant shall ensure that it has distributed its Policy to each managerial and non-managerial employee. Within sixty (60) days of the Effective Date, Defendant shall also submit to the Commission a statement confirming distribution of the Policy. For each new managerial and non-managerial employee hired after the initial distribution of the Policy described above, Defendant shall ensure that the new employee and/or manager receives the Policy within thirty (30) days of employment.

D.     <u>Accommodation Log</u>

Defendant shall create and maintain an Accommodation Log that documents any accommodation requests pertaining to any applicant or employee. Defendant shall retain all documents relating to any accommodation requests identified in the Accommodation Log. In the event an employee makes any subsequent request to modify an accommodation or implement a different accommodation, Defendant shall include in the Accommodation Log the information required by this section. The Accommodation Log shall include the following information:

1.     Name of person making the request;

2.     Date of the request;

3.     Physical or mental impairment identified by the applicant or employee;

4.     Any person to whom the request for accommodation was made;

5.     Accommodation(s) requested, if any;

6.     Any person involved in the interactive process;

7.     Any records or documents made or reviewed in the course of engaging in the interactive process;

8.     Any person involved in the decision-making process regarding the request for accommodation;

9.     Accommodation provided, if any;

10.    The reason for the decision to provide or refuse any accommodation;

11.    Complaints made by individuals regarding accommodation issues, disability discrimination issues, and/or retaliation issues; and

12.    Whether any modification or additional accommodations in conjunction with the original accommodation were sought and if such requests were granted or denied.

E.     Training

1.     All Employees

Within 180 days of the Effective Date of this Decree, Defendant, in consultation with the Monitor, shall provide live and interactive training, lasting at least 90 minutes in duration, to all Defendant's non-supervisory employees. The training shall be in a language the employees understand and shall cover the revised Policy and the ADA and ADAAA. The training shall further address the following:

a.     The role and purpose of the ADA and ADAAA, including what constitutes unlawful discrimination and the denial of a reasonable accommodation;

b.     The rights and responsibilities under the ADA and ADAAA, including, but not limited to engaging the interactive process and how to provide, request, and obtain a reasonable accommodation;

c.     Defendant's policies and procedures for reasonable accommodation requests, including engaging in the interactive process;

d.     The type of conduct that is considered discriminatory under the ADA and ADAAA; and

e.     Defendant's policies and procedures for reporting and handling complaints of disability discrimination and retaliation. Examples shall be given of the prohibited conduct to ensure understanding by the employees.

The training set forth above shall be mandatory and occur once a year for the duration of this Decree.  All persons required to attend such training shall verify their attendance in writing. The training set forth above may be videotapes so that any employee unable to attend any scheduled training shall be trained within sixty (60) days of the live training set forth above.

Every six (6) months during the term of this Decree, all employees hired, but who have not otherwise been trained as indicated above, will receive the ninety (90) minute training as described above.  All persons required to attend such training shall verify their attendance in writing.

2.  Managerial and Supervisory Employees

In consultation with the Monitor, Defendant shall provide a live, interactive Management Training to all managerial, supervisory, and lead employees of at least two (2) hour duration once every year for the term of this Decree. The first Management Training shall occur within ninety (90) days of the effective date of this decree and shall include training on how to:

a.   Identify who is protected under the ADA and ADAAA;

b.   Recognize an accommodation request or potential need for an accommodation for individuals with disabilities;

c.   Engage in the interactive process to handle reasonable accommodation requests;

d.   Recognize and prevent disability discrimination; and

e.   Properly handle and investigate complaints of disability discrimination in a neutral manner.

All persons required to attend such training shall verify their attendance in writing. Any managerial, supervisory, and lead employee unable to attend any scheduled Management Training shall be trained within sixty (60) days of the live training set forth above.  The training set forth above may be videotapes so that any managerial, supervisory or lead employee unable to attend any scheduled training may shall be trained within sixty (60) days of the live training set forth above.

Within 120 days of the hire date of any managerial, supervisory, and lead employee hired after the annual training but within the term of the Decree, Defendant shall provide a live Management

Training covering the same issues set forth above. All persons required to attend such training shall verify their attendance in writing.

        3.    <u>Human Resources Employees</u>

In consultation with the Monitor, Defendant shall provide a live, interactive, advanced Human Resources Training ("HR Training") to all human resources employees of at least two (2) hours duration once a year for the term of this Decree. The training shall address the topics covered in subsection D.2 as well as the following:

    a.   The interactive process, include the necessity of communicating with every party involved with a particular accommodation in order to assess the needs of the employee requesting a reasonable accommodation;

    b.   Monitoring accommodations to ensure employees are effectively accommodated and to ensure accountability of all parties involved in the accommodation process;

    c.   Obligations under this Decree, including the duties regarding the Accommodation Log;

    d.   Investigating and properly handling complaints of disability discrimination and retaliation; and

    e.   Reviews of prior decision-making and responses to requests for reasonable accommodation received in the past year.

All persons required to attend such training shall verify their attendance in writing. Any Human Resources employee unable to attend any scheduled HR Training shall be trained within sixty (60) days of the live training set forth above.

Within sixty (60) days of the hire date of any Human Resources employee hired after the annual training but within the term of the Decree, Defendant shall provide a live HR Training covering the same issues set forth above. All persons required to attend such training shall verify their attendance in writing.

        4.    <u>Verification of Training</u>

Within sixty (60) days of the first trainings to be performed pursuant to this Decree and annually

thereafter, Defendant shall produce to the EEOC documents verifying the occurrence of all training sessions conducted as required under this Decree, including the written training materials used, a description of the training provided, a list of the individuals who conducted the training, and a list of the names and job titles of attendees at each training session.

The EEOC shall have the right to attend the trainings described in the Decree.  Thirty (30) days prior to any training, Defendant shall provide written notice to EEOC including the time, location, name and contact information of the trainer.  The written notice shall be sent via U.S. Mail to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012.

F.      Record Keeping

Defendant shall work with the Monitor to establish a record-keeping procedure that provides for the centralized tracking of reasonable accommodation requests and disability discrimination complaints. The records to be maintained shall include:

1.   All documents generated in connection with any accommodations requests identified in the Accommodation Log;

2.   All documents generated in connection with any disability discrimination complaint, including documents relating to all investigations or resolutions of any complaints, and the identities of all witnesses identified by the complainant and/or through the Defendant's investigation;

3.   All forms acknowledging employees' receipt of Defendant's revised disability, reasonable accommodation, interactive process, and anti-retaliation policies; and

4.   All documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree.

Defendant will make the aforementioned records available to the EEOC within ten business days following a written request by the EEOC.

G.      Notification Letters

Within thirty (30) days after the Effective Date Defendant shall send a letter to all employees from the President reaffirming that Defendant ended its 100% healed policy and Defendant's commitment to engaging in the interactive process to provide reasonable accommodations.

H.      Reporting

Defendant, through its EEOC Monitor shall provide the following reports annually throughout the term of this Decree:

1.      The attendance lists of all attendees for all training sessions required under this Decree that took place during the previous twelve months;

2.      Acknowledgement of receipt of the Policy for all employees during the previous twelve months;

3.      Confirm that the Notification Letters set forth in Section H were sent to each employee.

4.      A copy of the Accommodations Log created pursuant to Section C.

5.  A description of all disability discrimination and/or retaliation complaints made since the submission and Defendant's investigation of these complaints.  The description shall include the following for each complaint during the reporting period:

> (a)      the name and title of the complaining party(ies);
>
> (b)      the date of the complaint;
>
> (c)      the nature of the complaint (i.e. comments, acts, etc.)
>
> (d)      the names of alleged perpetrators of discrimination or retaliation;
>
> (e)      the dates of the alleged discrimination or retaliation;
>
> (f)      the date of the commencement and completion of the investigation;
>
> (g)      a brief description of the investigation (i.e. identity of employee(s) who investigated, number of persons interviewed, materials reviewed); and
>
> (h)      a brief summary of how each complaint was resolved.

6.  A report detailing the results of the Accommodation log audit as described in Section X.C.11;

7.  The status of Defendant's compliance with the terms of this Decree;

8.  Whether any revisions of Defendant's policies and procedures regarding reasonable accommodation, disability discrimination, or retaliation have occurred since the preceding report, including a copy of the revised policies or procedures;

9.  The names of any Potential Claimants that have been re-employed pursuant to Section X.A;

10. The names of any Potential Claimants that reject Defendant's offer of re-employment pursuant to Section X.A.

All reports under this Paragraph shall be directed to:  U.S. Equal Employment Opportunity Commission, Attn. Regional Attorney, 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012.

## XI.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION
## OF CONSENT DECREE

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

## XII.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIII.

## NO ADMISSION OF WRONGDOING AND PRESS RELEASE

By entering into this Consent Decree Defendant does not admit to and expressly denies wrongdoing as may be inferred or implied herein.

## XIV.

## MISCELLANEOUS PROVISIONS

A.      During the term of this Consent Decree, Defendant shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B. During the term of this Consent Decree, Defendant shall assure that each of its officers, managers and supervisors is aware of any term(s) of this Decree that may be related to his/her job duties.

C. Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012; facsimile number (213) 894-1301.

D. The Parties agree to entry of this Decree and judgment subject to final approval by the Court.

All parties, through the undersigned, respectfully apply for and consent to this entry of this Consent Decree Order.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Date:    5/17/18                        */s/ Anna Y. Park*
                                  By:  Anna Y. Park
                                       Attorney for Plaintiff EEOC

                                       JACKSON LEWIS, P.C.

Date:    5/17/18                        */s/ Elayna J. Youchah*
                                  By:  Elayna J. Youchah
                                       Attorney for Defendant Nevada Restaurant
                                       Services, Inc.

Date:    5/17/18                        */s/ Paula Graziano*
                                  By:  Paula Graziano, President
                                       Nevada Restaurant Services, Inc.

## ORDER

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.

Date:    June 5, 2018

_____
United States District Judge

25

1   Anna Y. Park, CA SBN 164242
    Sue J. Noh, CA SBN 192134
2   Rumduol Vuong, CA SBN 264392
    U.S. EQUAL EMPLOYMENT
3   OPPORTUNITY COMMISSION
    255 East Temple Street, Fourth Floor
4   Los Angeles, CA 90012
    Telephone:  (213) 894-1083
5   Facsimile:  (213) 894-1301
    E-Mail:  lado.legal@eeoc.gov
6
7
    Nechole M. Garcia, NV SBN 12746
8   U.S. EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
9   333 Las Vegas Boulevard South, Suite 8112
    Las Vegas, NV 89101
10  Telephone: (702) 388-5072
    Facsimile: (702) 388-5094
11  E-Mail: nechole.garcia@eeoc.gov
12
13                 **UNITED STATES DISTRICT COURT**
14                    **DISTRICT OF NEVADA**
15  U.S. EQUAL EMPLOYMENT OPPORTUNITY ) Case No.:  2:18-cv-00954 JCM-CWH
    COMMISSION,                       )
16                                    )
                                      )
17              Plaintiff,            )  **CERTIFICATE OF SERVICE**
           v.                         )
18                                    )  **RE: CONSENT DECREE; PROPOSED**
                                      )  **ORDER**
19  NEVADA RESTAURANT SERVICES, Inc. and )
    Does 1-5 Inclusive,               )
20                                    )
              Defendants.             )
21  _____ )
22
23
24
25
26
27
28

-1-

**CERTIFICATE OF SERVICE**

I am, and was at the time the herein mentioned delivery took place, a citizen of the United States, over the age of eighteen (18) years.

I am employed in the Legal Unit of the Los Angeles District Office of the United States Equal Employment Opportunity Commission.

My business address is U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, California 90012.

On the date that this declaration was executed, as shown below, I served the foregoing: **CONSENT DECREE; PROPOSED ORDER** via first class U.S. Postal Service, postage prepaid, to:

> Elayna J. Youchah
> Jackson Lewis
> 3800 Howard Hughes Parkway
> Suite 600
> Las Vegas, NV 89169
> Elayna.youchah@jacksonlewis.com
> (702)921-2474

I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 29, 2018.

_____/s/ Anna Y. Park_____
Anna Y. Park